■ In the Matter of 100 WILLIAM Co., Respondent, v AETNA INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), and entered on or about June 8, 1989, granting petitioner's motion, pursuant to CPLR 7503 (b) and (c), permanently staying arbitration, unanimously affirmed, without costs.

Petitioner landlord and respondent tenant are parties to a lease dated November 1, 1971. Pursuant to the lease, the tenant is obligated to pay petitioner, as additional rent, an "Operating Expense Rate" escalation, the calculation of which is based upon wages and benefits paid to porters pursuant to a labor agreement.

In 1978 it was discovered by landlord that certain fringe

benefit charges had not been billed to respondent. The computation was recalculated, the figure forwarded to the tenant with a letter of explanation and respondent eventually paid the extra charges. Before paying, respondent objected to the calculations for 1972, since it had not taken possession of the premises until 1973 and the calculations were adjusted to omit charges for 1972. Respondent continued paying "Operating Expense Rate" escalations through 1987, without protest.

In December 1988, after retaining an auditor, the tenant commenced an arbitration proceeding to resolve a dispute regarding the calculation of the "Operating Expense Rate". Specifically, the tenant challenged the meaning of the formula in regard to the "vacation component" of the porter wage escalation. The IAS court granted the landlord's petition to stay the arbitration of the tenant's claims.

The lease contains a narrowly limited arbitration clause which provides, in pertinent part, that: "Any controversy which may arise concerning the * * * proper manner to compute the adjustment in the annual rental rate and monthly installments as provided in paragraph C * * * shall be determined by arbitration". Paragraph (C) sets forth, in essence, the mathematical formula by which the components of the operating escalation shall be multiplied.

Respondent's claims do not challenge the manner of computation of the escalation rate and are thus not arbitrable. Respondent seeks a determination of the very meaning of the formula for adjusting the fringe benefit charges as set forth in article 4 (A) (2) of the lease. Such a determination, however, was never intended to be arbitrated pursuant to this lease. Accordingly, respondent's instant claims are not arbitrable. (See, Matter of New York Plaza Bldg. Co. [Oppenheim, Appel, Dixon & Co.], 103 AD2d 203 [1st Dept 1984].)

In addition, respondent was clearly aware of the manner of calculating the operating escalation since 1978 but did not challenge it for over 10 years. Inasmuch as it now seeks to "reform" the agreement with respect to the manner of calculating the operating escalation, that claim is barred by the applicable Statute of Limitations. (CPLR 213.) Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.