■ PAUL B. YANG, Appellant, v LEHMAN BROTHERS, INC., Respondent. [702 NYS2d 292] —Order, Supreme Court, New York County (Charles Ramos, J.), entered December 9, 1998, which granted defendant's motion for summary judgment dismissing the complaint as time-barred, unanimously affirmed, without costs.

Based on plaintiff's judicial admissions, the court properly determined that his causes of action to recover bonus compensation to which he was allegedly entitled were barred by the Statute of Limitations (*see, Matter of Union Indem. Ins. Co.*, 89 NY2d 94; *Walsh v Pyramid Co.*, 228 AD2d 259; *see also*, CPLR 213 [2]). Since plaintiff failed to submit a sufficient writing evidencing defendant's acknowledgment of the alleged debt, the Statute of Limitations was neither tolled nor revived by the purported oral agreement pursuant to which defendant is said to have consented to defer payment of plaintiff's $1 million dollar bonus (General Obligations Law § 17-101; *see, Sitkiewicz v County of Sullivan*, 256 AD2d 884, 886, *appeal dismissed* 93 NY2d 908).

Also correct was the court's conclusion, premised on plaintiff's judicial admissions, that plaintiff's consulting contract terminated in September of 1988. Accordingly, plaintiff's second cause of action seeking payment under said contract was properly dismissed as barred by the applicable Statute of Limitations (CPLR 213 [2]).

Plaintiff's remaining causes of action were time-barred as well. We note in addition that plaintiff failed to submit a request for reimbursement for his expenses and thus failed to satisfy a condition precedent to payment (*see, Arden Communications v Abbate*, 220 AD2d 237). Concur—Sullivan, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.