■ BOSCORALE OPERATING, LLC, Appellant, v NAUTICA APPAREL, INC., Respondent. [749 NYS2d 233] —Judgment, Supreme Court, New York County (Herman Cahn, J., and a jury), entered June 4, 2001, in an action arising out of a licensing agreement that expired on December 31, 1999, dismissing plaintiff licensee's "claims * * * for damages accruing after December 31, 1999" and "claims * * * for damages accruing prior to December 31, 1999," and awarding defendant licensor

damages on its counterclaim for unpaid royalties, unanimously modified, on the law and the facts, to reinstate plaintiff's breach of contract claim insofar as it seeks damages accruing before December 31, 1999, and to remand the matter for further proceedings, and otherwise affirmed, without costs.

The judgment is based on the jury's answers to interrogatories that the trial court construed to be in favor of the licensor but are irreconcilably inconsistent. In interrogatory one, the jury answered that the licensor did not breach the license agreement, and in interrogatory two answered that the licensor breached the covenant of good faith and fair dealing. The answers cannot be reconciled in view of the court's charge (*see Brewster v Prince Apts.*, 264 AD2d 611, 615-616, *lv dismissed* 94 NY2d 875, *lv denied* 94 NY2d 762), which correctly conveyed that the implied covenant was part and parcel of the license agreement (*see Van Valkenburgh, Nooger & Neville v Hayden Publ. Co.*, 30 NY2d 34, 45, *cert denied* 409 US 875), and that a breach of the covenant was a breach of the agreement. Also inconsistent were the jury's answers to interrogatory three that the licensee did not substantially comply with its obligations under the agreement, and to interrogatory four that such noncompliance by the licensee did not excuse any failure to comply by the licensor. In this regard, the trial court instructed that a breach by the licensee that was "trivial," i.e, did not implicate substantial performance or good faith, would not excuse a breach by the licensor. Thus, implicit in the finding in interrogatory four that the licensor's breach was not excused was a finding that the licensee had substantially complied with the agreement, contrary to the finding in interrogatory three. Given these irreconcilable inconsistencies, judgment should not have been entered in favor of the licensor (*see Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 40), at least with respect to the licensee's claim that it was prevented from performing by the licensor's lack of good faith and fair dealing, and we modify accordingly.

In other respects the judgment should be affirmed. Summary judgment was properly granted in favor of the licensor on its counterclaim for unpaid royalties, in view of the provision in the agreement expressly prohibiting the licensee from withholding any royalties as setoffs against any claim it may have against the licensor (*see Lincoln Plaza Tenants Corp. v MDS Properties Dev. Corp.*, 169 AD2d 509, 512). In any event, the licensee could not, after alleging a breach by the licensor, continue to sell merchandise under the licensor's trademark and otherwise receive benefits under the agreement without

paying royalties and otherwise performing its obligations under the agreement (see *Rosenthal Paper Co. v National Folding Box & Paper Co.*, 226 NY 313, 325; *Warner-Jenkinson Co. v Allied Chem. Corp.*, 567 F2d 184, 188).

The licensee's claim for post-1999 damages was properly dismissed. Absent a renewal, the contract expired by its own terms on December 31, 1999. The licensee was not entitled to renewal because, having failed to tender the royalties and advertising expenses due, it was not in compliance with the agreement. We reject the licensee's argument that it was entitled to a renewal because it was in compliance with the agreement at the instant it sought to renew. In fact, the licensee was not in compliance at that instant, as it had already informed the licensor that it would not make the required sales figures to permit renewal. Even if the licensor's alleged bad faith was the cause of such noncompliance, the licensee would not have been relieved of its obligation to continue paying royalties thereafter, as noted above.

The licensee's claim for tortious interference with prospective economic advantage was properly dismissed as duplicative of its claim for breach of contract (see *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 319-320). Its claim for punitive damages was properly dismissed for failure to show the requisite morally reprehensible conduct (see *id.* at 315-316). Concur—Mazzarelli, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.