[828 NE2d 73, 795 NYS2d 157]

HON FUI HUI, Appellant, v EAST BROADWAY MALL, INC., Respondent.

Argued January 12, 2005; decided February 22, 2005

APPEARANCES OF COUNSEL

*Morton S. Minsley*, New York City, for appellant.

*Gartner, Bloom & Greiper, P.C.*, New York City (*Arthur P. Xanthos* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and East Broadway's motion for summary judgment denied.

■ Although the statute of limitations had run for the commencement of an action based on the breach of the original contract—as work had been completed by 1989—East Broadway's February 22, 1994 acknowledgment reflecting the amount of debt "outstanding to Ka Hon" was sufficient to satisfy General Obligations Law § 17-101 and take this "action out of the operation of the provisions of limitations of time for commencing actions" (General Obligations Law § 17-101). The writing "recognize[s] an existing debt and . . . contain[s] nothing inconsistent with an intention on the part of the debtor to pay it" (*Lew Morris Demolition Co., Inc. v Board of Educ.*, 40 NY2d 516, 521 [1976] [citations omitted]). Plaintiff's breach of contract action, commenced February 18, 2000, was thus timely within the six-year statute of limitations (*see* CPLR 213 [2]).

■ We agree with the Appellate Division that the cause of action properly belonged to Ka Hon Construction, which had been dissolved by proclamation but had an outstanding claim pend-

ing against it.* We disagree that the assignment to plaintiff dated September 28, 2001 did not cure the defect. Plaintiff was the sole shareholder of Ka Hon and had a good faith belief that all corporate business had been completed when he commenced the action as Ka Hon's successor-in-interest. When plaintiff became aware of the outstanding judgment, his assignment as sole shareholder of the cause of action to himself in order to correct the error and prosecute the claim should not have resulted in dismissal of the action as untimely. If the corporation instead had moved to intervene, it would have been permitted to do so, despite the expiration of the statute of limitations, because it was closely related to plaintiff and its claim was based on the same transaction. If the corporation had intervened, its claim would be deemed to relate back to plaintiff's original claim. The assignment of the corporation's claim was simply a less cumbersome way of achieving the same result, avoiding dismissal of what appears to be an otherwise meritorious claim.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur in memorandum.

Order reversed, etc.

---

* The corporation was dissolved September 28, 1994 and the outstanding judgment was filed January 29, 1996.