OPINION OF THE COURT
Per Curiam.
Order, entered May 4, 2004, reversed, with $10 costs, the stay of proceedings is vacated, and landlord is granted summary judgment awarding it possession and a recovery of rent arrears in the amount prayed in the nonpayment petition.
Pursuant to a commercial lease (main lease), tenant occupies three floors of landlord’s premises. Tenant also occupies other space in the building, including the basement, under a sublet agreement with another tenant. When a pipe burst on one of the floors occupied under the main lease, tenant began to withhold rent and in July 2003 commenced a plenary action in Supreme Court, alleging that landlord’s negligence caused the pipe to burst and seeking, inter alia, damages for breach of lease, negligence, and partial constructive eviction, as well as an injunction against any summary nonpayment proceeding.
The Supreme Court denied injunctive relief, finding that Civil Court is the preferred forum for speedy disposition of landlord-tenant disputes and that tenant had not alleged that said court was incapable of determining a nonpayment proceeding. The court also dismissed tenant’s causes of action for negligence and partial constructive eviction as foreclosed by its cause of action for breach of the lease, as they were duplicative of the breach of contract claim.
Meanwhile, a new ground floor tenant moved in on or about July 2003, and undertook construction work above tenant’s basement space. According to tenant, as a result of the construction work, it lost use of the basement and sustained damage to computer equipment stored therein.
Landlord commenced this nonpayment proceeding in March 2004. Tenant asserted, as defenses, that it was entitled to damages by reason of the pipe burst and landlord’s negligence. Tenant also alleged that its main lease with landlord was so *77 integrated with its sublease that its loss of use of the subleased basement space should abate the rent under its main lease with landlord.
Landlord moved for summary judgment, arguing that tenant’s defenses were barred by the rule of independent covenants, the no set-off clause of the lease, the election of remedies doctrine and the prior Supreme Court decision. Civil Court denied summary judgment and, sua sponte, stayed the summary proceeding pending resolution of the plenary action.
Civil Court improvidently exercised its discretion in sua sponte staying the summary proceedings pending the determination of the Supreme Court plenary action. The record affords no basis for the imposition of a stay where there was no allegation, much less showing, that Civil Court was without authority to grant the relief sought (see Scheff v 230 E. 73rd Owners Corp., 203 AD2d 151 [1994]).
On the merits, we find that landlord established its entitlement to summary judgment. Tenant’s damage claims for landlord’s alleged negligence and breach of lease are not inextricably related to landlord’s claim for rent, which was due without setoff and which obligation continued so long as the tenant remained in possession. Tenant’s withholding of rent while in possession of the premises was a violation of a fundamental covenant of the lease, regardless of any breach by landlord (see Allerand, LLC v 233 E. 18th St. Co., L.L.C., 19 AD3d 275 [2005]; Earbert Rest. v Little Luxuries, 99 AD2d 734 [1984]). Moreover, tenant’s damage claims for negligence are duplicative of tenant’s claims pending in Supreme Court against landlord, and are more appropriately litigated there, tenant’s chosen forum.
Tenant failed to raise an issue of fact as to whether it was constructively and/or actually partially evicted from any of the space rented under the main lease. Tenant’s claim that it was constructively and/or actually evicted from the subleased basement has no bearing on its obligation to pay rent under the main lease. Tenant’s obligations under the two leases are separate and distinct, and it failed to demonstrate that the main lease was so “integrated” with the sublease as to entitle it to a rent abatement under the main lease.
We have considered tenant’s remaining arguments and find them unavailing.
Suarez, RJ., Davis and Schoenfeld, JJ., concur.