■ In the Matter of NEHEMIAH LECKIE, Appellant, v NEW YORK CITY DEPARTMENT FOR THE AGING, NYC SENIOR CITIZEN RENT INCREASE EXEMPTION SCRIE PROGRAM, Respondent. [894 NYS2d 869]—

Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered August 12, 2009, which denied the petition seeking to annul the determination of respondent New York City Department for the Aging (DFTA), denying petitioner's application for senior citizen rent increase exemption (SCRIE) benefits, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Pursuant to RPTL 467-b and Administrative Code of City of NY § 26-509, an eligible New York City rent-stabilized tenant may apply to DFTA for SCRIE benefits. To qualify for said benefits at the time of the subject application in April 2008, the household head must have been at least 62 years old, the annual aggregate disposable income of all household members "for the income tax year immediately preceding the date of making application" must not have exceeded $27,000, and in cases where applicants are not receiving a monthly shelter allowance pursuant to the Social Services Law, the apartment rent must have exceeded one third of the household income (RPTL 467-b [3] [a]; Administrative Code § 26-509 [b] [2]).

The record shows that when petitioner applied for SCRIE benefits, one third of his monthly disposable income amounted to $334.75, which exceeded his monthly rent of $270.11. Thus, he did not meet the statutory requirements for eligibility for SCRIE benefits, and DFTA's decision denying his application was not arbitrary or capricious. Petitioner claims that the original renewal lease expired on September 30, 2008, before he received a final determination from DFTA denying his application, and that the increased rent on the subsequent renewal lease would have been enough to qualify him for benefits. However, there is no evidence that petitioner submitted this information to DFTA or during the administrative appeal, and

thus, the lease may not be considered on appeal (*see e.g. Matter of Weill v New York City Dept. of Educ.*, 61 AD3d 407, 409 [2009]). This determination, however, does not preclude petitioner from reapplying for the benefits sought upon a proper showing. Concur—Andrias, J.P., Nardelli, Catterson, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 31748(U).]**