OPINION OF THE COURT
Richard F. Braun, J.
This is an action for a declaratory judgment and a money judgment. Plaintiff 20 Plaza Housing Corp. is a cooperative housing corporation, and defendant 20 Plaza East Realty, the former sponsor of the cooperative conversion of the building, is the holder of unsold shares to five apartments still occupied by rent-stabilized or rent-controlled tenants, some of whom are senior citizens. Defendant collects rent from those tenants and pays maintenance to plaintiff on those unsold units. Increases in rent for some of those units are restricted by the Senior Citizen Rent Increase Exemption (SCRIE) program (RPTL 467-b [3] [a]; Administrative Code of City of NY § 26-509 [b] [2]; see Matter of Leckie v New York City Dept. for the Aging, NYC Senior Citizen Rent Increase Exemption SCRIE Program, 71 AD3d 442 [1st Dept 2010]). Under the SCRIE program, the owner receives a tax credit to offset the inability to increase the rent on subject apartments while they are occupied by certain senior citizen tenants. Because defendant, as the holder of *603 unsold shares, is restricted from raising rents, the value of the tax credit received by plaintiff was to be credited to the defendant against its maintenance payments. It is undisputed that plaintiff received tax credits in connection with the SCRIE program since 1996 for which it failed to credit defendant. Consequently, starting in August 2009, defendant began withholding $2,500 each month from its maintenance payments to recoup the credit that defendant claims it was due. Through that method, defendant recently finished recouping the full credit of $45,229.57 that defendant contends was due.
Plaintiff now moves for summary judgment. Plaintiff contends that the statute of limitations limits defendant’s ability to recover the funds in that defendant could not properly withhold the full amount of SCRIE credits from more recent payments to plaintiff. Consequently, plaintiff contends that, based upon the six-year statute of limitations, defendant is in breach of its maintenance obligation in the sum of $29,188.34, the difference between $16,041.23, the amount of the credit that defendant was entitled to within the statute of limitations period, and $45,229.57, the full amount that defendant deducted from its maintenance payments. Defendant counters that plaintiff’s repeated acknowledgment of the obligation in financial statements restarted the statute of limitations, that plaintiff is improperly attempting to use the statute of limitations as a sword rather than a shield, that the statute of limitations merely poses a bar in litigation, and that the statute of limitations does not obviate the debt and defendant’s entitlement to the credit taken.
A party moving for summary judgment must demonstrate his, her, or its entitlement thereto as a matter of law, pursuant to CPLR 3212 (b) (Smalls v AJI Indus., Inc., 10 NY3d 733, 735 [2008]; Sumitomo Mitsui Banking Corp. v Credit Suisse, 89 AD3d 561, 563 [1st Dept 2011]). To defeat summary judgment, the party opposing the motion must show that there is a material question(s) of fact that requires a trial (Ferluckaj v Goldman Sachs & Co., 12 NY3d 316, 320 [2009]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; CitiFinancial Co. [DE] v McKinney, 27 AD3d 224, 226 [1st Dept 2006]).
 Plaintiff has made a prima facie showing of entitlement to summary judgment, and defendant has failed to raise an issue of fact requiring a trial in this action. Paragraph 12 of the proprietary lease includes a no setoff provision, barring defendant from setting off its maintenance obligations with SCRIE *604 credits and relegating defendant to an action for damages (see Lincoln Plaza Tenants Corp. v MDS Props. Dev. Corp., 169 AD2d 509, 512 [1st Dept 1991]; Green 440 Ninth LLC v Duane Reade, 10 Misc 3d 75, 77 [App Term, 1st Dept 2005]; 342 Madison Ave. Assoc. Ltd. Partnership v Suzuki Assoc., 187 Misc 2d 488, 489 [Sup Ct, NY County 2001]; cf. Boscorale Operating v Nautica Apparel, 298 AD2d 330, 331 [1st Dept 2002] [“Summary judgment was properly granted in favor of the licensor on its counterclaim for unpaid royalties, in view of the provision in the agreement expressly prohibiting the licensee from withholding any royalties as setoffs against any claim it may have against the licensor” (citation omitted)]).* A claim based upon a landlord’s failure to provide a credit is limited by the six-year limitation period in CPLR 213 (cf. Matter of 100 William Co. v Aetna Ins. Co., 163 AD2d 170, 171 [1st Dept 1990] [as to the lease’s operating expense rate escalation clause]; Kramer Levin Naftalis & Frankel, LLP v Metropolitan 919 3rd Ave., LLC, 6 Misc 3d 796, 799-801 [Sup Ct, NY County 2004] [as to rent escalation rider]). Thus, while the statute of limitations does not impair the underlying obligation but only the remedy (see Johnson v Albany & Susquehanna R.R. Co., 54 NY 416, 424 [1873]; Allstate Ins. Co. v Consolidated Mut. Ins. Co., 35 AD2d 535 [2d Dept 1970]; Daly v Benson, 190 Misc 616, 617-618 [Sup Ct, Queens County 1947]), an action by defendant against plaintiff for SCRIE credits would have been limited by the six-year statute of limitations. The fact that plaintiff was forced to bring an action because the defendant set off its maintenance obligations, in violation of the terms of the proprietary lease, does not alter that result. Therefore, defendant owes plaintiff the amount sought.
Defendant’s attempt to create an issue of fact as to whether the parties agreed to defer the SCRIE credits is unavailing. Even if the credits were not given to defendant based upon an oral agreement or understanding between the parties, which plaintiff hotly contests, that would not be sufficient to overcome the statute of limitations by invoking General Obligations Law § 17-101, which requires an acknowledgment to be in writing *605 and signed by the party to be charged in order to toll or reestablish the statute of limitations (see Yang v Lehman Bros., 269 AD2d 160 [1st Dept 2000]). Nor is the inclusion of the SCRIE credits as a liability in the plaintiff’s annual reports sufficient to constitute an acknowledgment of a debt signed by the debtor so as to revive the time-barred claims under General Obligations Law § 17-101 (see Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521 [1976]; cf. Hon Fui Hui v East Broadway Mall, Inc., 4 NY3d 790, 791 [2005] [where the writing was held to be sufficient to constitute an acknowledgment under the statute]; Atlantic Natl. Trust LLC v Silver, 9 AD3d 321, 322 [1st Dept 2004] [the letter was signed by the defendant borrower and constituted an acknowledgment of the debt]; Chase Manhattan Bank v Polimeni, 258 AD2d 361 [1st Dept 1999] [the defendant’s personal financial statement carried his debts to the plaintiff at issue and was signed by the secretary of defendant with his authorization]). The reports were by plaintiffs accountant and not signed by plaintiff (Matter of Brecher, 80 AD2d 583 [2d Dept 1981]).
Defendant does not show that the motion should be denied under CPLR 3212 (f) (see Hampton Hall Pty Ltd. v Global Funding Servs., Ltd., 82 AD3d 523, 524 [1st Dept 2011]; Avant v Cepin Livery Corp., 74 AD3d 533, 534 [1st Dept 2010]). Much of the information defendant would like to discover is within the ken of defendant.
Accordingly, by separate decision and order of this court, dated August 28, 2012, the motion has been granted to the extent of awarding plaintiff summary judgment in the amount sought of $29,188.34. Because defendant is no longer taking a credit for past due SCRIE as a setoff to its maintenance payments, declaratory relief is no longer necessary or appropriate (see Apple Records v Capitol Records, 137 AD2d 50, 54 [1st Dept 1988]), and thus has not been afforded to plaintiff.

 In view of the no setoff provision, the voluntary payment doctrine asserted by plaintiff (see Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525, 526 [2003]; Eighty Eight Bleecker Co., LLC v 88 Bleecker St. Owners, Inc., 34 AD3d 244, 246 [1st Dept 2006]) does not apply. Defendant was obligated to pay the full amount of maintenance regardless of any SCRIE credit to which defendant was entitled so that it cannot be deemed to have voluntarily made an overpayment.