Renk v Renk (2020 NY Slip Op 06466)





Renk v Renk


2020 NY Slip Op 06466


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Index No. 652439/18 Appeal No. 12343 Case No. 2020-02765 

[*1]Kimberly Renk, Plaintiff-Respondent,
v
Richard Renk, Sr. et al., Defendants-Appellants.


Robins Kaplan LLP, New York (Frederick Andrew Braunstein of counsel), for appellants.
White & Williams, LLP, New York (Rafael Vergara of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about May 21, 2020, which, to the extent appealed from, denied defendants' motion to dismiss the breach of contract, unjust enrichment, accounting, and constructive trust claims, unanimously affirmed, without costs.
Plaintiff alleges that in 1999 her father, defendant Richard Renk Sr., agreed to lend money to her and her sister, defendant Linda Rank, to start a business in which she and Linda would each own 50%. It was agreed that initially Richard Sr. would hold plaintiff's interest in trust while plaintiff concluded her remaining obligations with her then employer. After she began working for the company, Richard Sr. promised every year to transfer the membership interest to plaintiff by the end of the year, but he never did so.
The motion court correctly found that plaintiff raised an issue of fact as to whether her claims are timely (see MTGLQ Invs., LP v Wozencraft, 172 AD3d 644 [1st Dept 2019], lv dismissed 34 NY3d 1010 [2019]). In 2013, Richard Sr. added a codicil to his will in which he declared that he was "holding an ownership interest in ... Sequin, LLC for my daughter Kimberly . . . which I intend to transfer to her as soon as possible." This unequivocal reference to the oral agreement sued upon raises an issue of fact as to whether the codicil satisfies General Obligations Law § 17-101 and takes plaintiff's claims out of the operation of the six-year limitations period (see Hon Fui Hui v East Broadway Mall, Inc., 4 NY3d 790 [2005]). That Richard Sr. may have revoked the codicil later has no bearing on whether the codicil is sufficient evidence of the oral agreement to revive the statute of limitations.
The court correctly found that the complaint states a cause of action for breach of contract against Richard Sr. Construed liberally, with every reasonable inference drawn in plaintiff's favor, it alleges that Richard Sr. had a vested interest in the success of Sequin and that plaintiff has made significant contributions to its profitability, even working without a salary for as long as two years and despite not having received the 50% ownership interest to which she claims she is entitled. "[T]he slightest consideration is sufficient to support the most onerous obligation," and it is not for the court to determine whether the consideration was in fact adequate (Mencher v Weiss, 306 NY 1, 8 [1953]).
The alleged oral agreement's terms are sufficiently definite to be enforceable (see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 590 [1999]). Plaintiff allowed her father initially to hold her ownership interest in Sequin, and her father was obligated to return her ownership interest after she joined the company (compare Brembo, S.P.A. v T.A.W. Performance LLC, 176 AD3d 535 [1st Dept 2019] [no oral agreement where parties did not agree upon the duration of the alleged oral agreement or exactly what was to be transferred]).
The complaint states causes of action for unjust enrichment, an accounting, and constructive trust, and, as there is a bona fide dispute over the alleged agreement, plaintiff may plead these quasi-contract claims as alternatives to the contract claim (see Curtis Props. Corp. v Greif Cos., 236 AD2d 237, 239 [1st Dept 1997]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020