Rose Group Park Ave. LLC v Third Church Christ, Scientist, of N.Y. City (2021 NY Slip Op 05661)





Rose Group Park Ave. LLC v Third Church Christ, Scientist, of N.Y. City


2021 NY Slip Op 05661


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Index No. 651390/19 Appeal No. 14377 Case No. 2020-04362 

[*1]Rose Group Park Avenue LLC, Plaintiff-Respondent,
v
Third Church Christ, Scientist, of New York City, Defendant-Appellant.


Landy Wolf, PLLC, New York (David A. Wolf of counsel), for appellant.
Seyfarth Shaw LLP, New York (Eddy Salcedo of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.) entered on or about February 13, 2020, which, to the extent appealed from as limited by the briefs, denied defendant's motion for partial summary judgment, and granted plaintiff's cross motion for partial summary judgment for the release of the escrow of certain additional rent demanded by defendant, unanimously affirmed, with costs.
The motion court correctly determined that, on the limited question before it, defendant landlord was not entitled to release of the escrow of a balance purportedly owed to it for underpaid percentage rent under the parties' lease, as those amounts fell beyond the six-year statute of limitations, as per CPLR 213(2). "In contract actions, a claim generally accrues at the time of the breach" (Elie Intl., Inc. v Macy's W. Inc., 106 AD3d 442, 443 [1st Dept 2013]). Here, the motion court properly determined that under the parties' lease, defendant could not require plaintiff to pay its unilateral calculation of percentage rent based upon plaintiff's gross sales for periods outside the statute of limitations as a condition precedent to challenging the entire amount demanded (see e.g. Matter of 100 William Co. v Aetna Ins. Co., 163 AD2d 170, 171 [1st Dept 1990]). Therefore, partial summary judgment was appropriately denied to defendant and awarded to plaintiff.
The motion court's reading of the lease is supported by provisions within lease article 3.5, in which defendant's right to audit plaintiff's gross sales was limited to no more than once per year (section 3.5[G][i]) and plaintiff was required to maintain supporting documents for at least one year (section 3.5[E]). Under these provisions, there is no merit to defendant's contention that the condition precedent required plaintiff to pay the entire disputed amount, including those amounts based upon revenue collected beyond the statute of limitations, in order to maintain the litigation already before the court.
The cases cited by defendant do not require a different result (see e.g. Salomon Smith Barney Holdings v 7 World Trade Co., 278 AD2d 63, 64 [1st Dept 2000]; VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 195 [1st Dept 2019]). Here, rather than sit on its rights, plaintiff had already commenced a plenary action to resolve the dispute relating to the parties' competing calculations of plaintiff's gross sales, and it was only after plaintiff commenced this action that defendant served an audit report
seeking purported underpayments of percentage rent going back to 2010. Under these circumstances, the escrowed funds were properly released to plaintiff.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021