1035 Third Ave. LLC v Pure Green NYC 62nd St. Corp. (2021 NY Slip Op 06431)





1035 Third Ave. LLC v Pure Green NYC 62nd St. Corp.


2021 NY Slip Op 06431


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Index No. 158933/19 Appeal No. 14633 Case No. 2021-00767 

[*1]1035 Third Avenue LLC, Plaintiff-Respondent,
v
Pure Green NYC 62nd Street Corp., Defendant-Appellant, Jason Paez, Defendant.


Barton LLP, New York (Randall Laurel Rasey of counsel), for appellant.
Zingman & Associates PLLC, New York (Cheryl R. Ginsburg of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered September 11, 2020, which granted plaintiff's motion to dismiss defendant Pure Green NYC 62nd Street Corp.'s counterclaims, unanimously affirmed, without costs.
Defendant's counterclaims are barred by the lease, in which defendant waived its right "to plead all non-compulsory counterclaims or offsets" in any action brought against it by plaintiff for any default (see 150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 5 [1st Dept 2004]). These counterclaims are noncompulsory (see Classic Autos. v Oxford Resources Corp., 204 AD2d 209 [1st Dept 1994]), and are not "inextricably intertwined" with plaintiff's claims (see Tewksbury Mgt. Group, LLC v Rogers Invs. NV LP, 110 AD3d 546 [1st Dept 2013]). Moreover, plaintiff's claim for rent was due without setoff (see Green 440 Ninth LLC v Reade, 10 Misc 3d 75, 77 [App Term, 1st Dept 2005]).
Further, none of the counterclaims state a cause of action. The counterclaim seeking damages due to a breach of the lease is barred by the lease provisions limiting defendant's remedies (see Electron Trading, LLC v Morgan Stanley & Co. LLC, 157 AD3d 579, 580 [1st Dept 2018]). The counterclaim alleging tortious interference with a business relationship fails because plaintiff's actions to directly enter into a new lease with an entity with which defendant had been discussing a transfer of the lease were only an attempt to mitigate its own damages (see Amaranth LLC v J.P. Morgan Chase & Co.,71 AD3d 40, 47 [1st Dept 2009], lv dismissed in part, denied in part 14 NY3d 736 [2010]), and in any event, the lease did not require plaintiff to enter into an assignment from a tenant who was in default. The counterclaim alleging misrepresentation is also utterly refuted by the lease provisions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021