Arch Ins. Co. v Docnetwork, Inc. (2023 NY Slip Op 02758)

Arch Ins. Co. v Docnetwork, Inc.

2023 NY Slip Op 02758

Decided on May 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 23, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Pitt-Burke, JJ. 

Index No. 654746/20 Appeal No. 104-105 Case No. 2022-01132, 2022-02551 

[*1]Arch Insurance Company, Plaintiff-Appellant,
v
Docnetwork, Inc. (Formerly Known as Docnetwork, LLC Also Known as Campdocs), et al, Defendants-Respondents.

Smith, Gambrell & Russell, LLP, New York (Sean Thomas Keely of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliot J. Zucker of counsel), for DocNetwork, Inc., respondent.
Farrell Fritz, P.C., Uniondale (Viktoriya Liberchuk of counsel), for Campassure, LLC, respondent.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered January 24, 2022, which, to the extent appealed from, denied so much of plaintiff's motion for leave to file an amended complaint to add causes of action for breach of fiduciary duty, unjust enrichment, and fraud, unanimously reversed, on the law, without costs, and the motion granted. Order, same court and Justice, entered May 12, 2022, which granted defendants' motions to dismiss the first amended complaint to the extent of dismissing the breach of contract claims relating to policies sold prior to March 20, 2020, unanimously reversed, on the law, with costs, and the motion denied.
On a motion to dismiss pursuant to CPLR 3211, the factual allegations contained within the pleadings are accepted as true and afforded "every possible favorable inference" (Leon v Martinez, 84 NY2d 83, 87 [1994]). Here, plaintiff alleges that defendants breached their agreements with plaintiff when they marketed, promoted, and sold "cancel for any reason" (CFAR) camper protection insurance policies as a form of business interruption coverage, both before and after March 20, 2020, the date the parties agreed that defendants would cease offering the CFAR policies due to the COVID-19 pandemic. Plaintiff further alleges that after March 20, 2020, defendants continued to market, promote, and sell plaintiff's CFAR policies.
Based on these allegations, we find that the first amended complaint adequately pleads a cause of action for breach of contract relating to policies sold, both before and after March 20, 2020. Therefore, the motion to dismiss the causes of action for breach of contract relating to those policies sold before March 20, 2020 should have also been denied (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153-154 [2002]; Boscorale Operating v Nautica Apparel, 298 AD2d 330, 331 [1st Dept 2002]).
Further, as the parties dispute whether the subject contracts authorized defendants to bind the policies on behalf of plaintiff, on this record, the motion to amend the complaint to add claims for breach of fiduciary duty and unjust enrichment against both defendants and fraud against defendant CAMPDOCS only should have been granted. The proposed additional claims are not "palpably insufficient or patently devoid of merit" (Kocourek v Booz Allen Hamilton Inc., 85 AD3d 502, 505 [1st Dept 2011] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 23, 2023