Allen v Zizzi Constr. Corp. (2024 NY Slip Op 03226)

Allen v Zizzi Constr. Corp.

2024 NY Slip Op 03226

Decided on June 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2024

Before: Oing, J.P., Friedman, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 654345/15 Appeal No. 2491-2492 Case No. 2023-00481, 2023-00532 

[*1]Jeff Allen, Plaintiff-Respondent,
v
Zizzi Construction Corp., et al., Defendants-Appellants.

Kinzler Law Group, PLLC, Lawrence (Ben Kinzler of counsel), for appellants.
Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for respondent.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered December 30, 2022, awarding plaintiff damages, interest, costs, and disbursements in the total amount of $1,732,606.98, and bringing up for review an order, same court and Justice, entered December 13, 2022, which, after a nonjury trial, found that plaintiff was entitled to relief against defendants on his cause of action for unjust enrichment and ordered the Clerk to enter judgment in plaintiff's favor, unanimously affirmed, with costs. Appeal from the aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In this action involving misappropriation of construction funds, plaintiff and his nonparty business partner purchased, through nonparty business entities, two parcels of real property located at 951 Cobb Road West, Water Mill, New York (Cobb Road Property) and 510 Halsey Street, Bridgehampton, New York (Halsey Street Property, and together, the Properties) to develop homes at the Properties for resale. Defendants performed construction services at the Properties. The parties stipulated, in their joint statement of stipulated facts, that defendant Zizzi Construction Corporation invoiced a total of $2,991,812.49 for the Halsey Street Property and $1,266,259.37 for the Cobb Road Property. The parties also stipulated that Zizzi Construction failed to complete the work for either of the Properties.
The trial court properly found that plaintiff's initial standing defect was cured by the LLCs' resolutions assigning any rights they had to the claims in this action to plaintiff (see Hon Fui Hui v East Broadway Mall, Inc., 4 NY3d 790, 791-792 [2005] [finding that where a breach of contract cause of action properly belonged to a corporation that had since been dissolved, and plaintiff had a "good faith belief" that he had succeeded to the claims, assignment of the claim to the plaintiff in his personal capacity cured the defect]).
To prevail on an unjust enrichment claim, a party must show that "(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered" (see Georgia Malone & Co., Inc, v Rieder, 19 NY3d 511, 516 [2012] [citation omitted]). Here, the parties do not dispute that the elements of a cause of action for unjust enrichment are met. Indeed, defendant James v. Zizzi, the sole owner, officer, and shareholder of the two defendant companies, admits that he misappropriated the funds at issue. And clearly, equity does not allow a defendant contractor to keep misappropriated funds (see e.g. Columbia Mem. Hosp. v Hinds, 38 NY3d 253, 275 [2022] [noting that claims for unjust enrichment "are rooted in 'the equitable principle that a person shall not be allowed to enrich [themselves] unjustly at the expense of another'" [citation omitted]).
Moreover, in a separate criminal action, Zizzi pleaded guilty to grand [*2]larceny in the third degree and entered into a restitution order pertaining to his theft of some of the misappropriated funds (see People of the State of New York v James Zizzi, ind. Nos. 625A-2019 and 625B-2019). Thus, the trial court properly found that plaintiff demonstrated entitlement to recovery for unjust enrichment.
Defendants' argument that the unjust enrichment claim is precluded by the existence of two contracts between the parties — one unsigned and one signed solely by plaintiff — is unavailing. In a prior order dated June 30, 2016, the trial court (Bransten, J.) dismissed plaintiff's breach of contract claim for failure to state a claim.[FN1] Defendant may not now rely on these contracts, considering the court's dismissal of the breach of contract claim nearly eight years ago and the posttrial posture of this case.
Lastly, the trial court properly imposed liability upon James V. Zizzi in his individual capacity. The second amended complaint alleged the unjust enrichment claim against "Defendants (Zizzi)." While this is presumed to include Zizzi individually, to the extent the second amended complaint may be ambiguous as to the defendants against whom the claim was asserted, Zizzi, an officer of Zizzi Construction, testified to having misappropriated funds from the Properties and using them for other purposes. His active participation in the tortious conduct therefore renders him personally liable (see Fletcher v Dakota, Inc., 99 AD3d 43, 49 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2024

Footnotes

Footnote 1: Plaintiff's counsel neither appealed from the 2016 decision nor sought leave to replead the claim, and the parties proceeded to trial only on the unjust enrichment claim.