■ JOHN SITKIEWICZ, Respondent, v COUNTY OF SULLIVAN, Appellant. [681 NYS2d 677] —Carpinello, J. Appeal from an order of the Supreme Court (Graffeo, J.), entered December 30, 1997 in Sullivan County, which denied defendant's motion for summary judgment dismissing the complaint.

The determinative issue on this appeal is whether plaintiff's

complaint, alleging defendant's breach of a July 1987 contract, is time barred by the six-year Statute of Limitations (*see*, CPLR 213 [2]). The contract involved the conveyance of 3.23 acres of property in the Town of Bethel, Sullivan County, to defendant for the sum of $11,305. It also obligated defendant to cut and pile "[a]ll trees from 6" in diameter" on the property and give them to plaintiff. As of January 1989, plaintiff knew that the deed he had executed actually conveyed 4.09 acres. In March 1989, plaintiff complained to defendant's Division of Public Works that he had not received the cut trees. By letter dated May 31, 1989, defendant offered to compensate plaintiff $3,010 for the additional land and $1,733.32 for the trees. This, and many other offers of settlement, were rejected by plaintiff.

By summons and complaint dated May 24, 1995, plaintiff commenced this action seeking compensation for the 0.86 acres inadvertently conveyed and the trees which plaintiff claims he did not receive. Defendant's motion to dismiss on Statute of Limitations grounds was denied by Supreme Court, which found that defendant failed to establish "the date the causes of action accrued". Moreover, in the court's view, a question of fact existed concerning whether the May 31, 1989 letter constituted an acknowledgment of a debt and a promise to pay pursuant to General Obligations Law § 17-101 so as to start the Statute of Limitations running anew. Defendant appeals.

A breach of contract cause of action accrues at the time of breach (*see*, *Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402; *Kassner & Co. v City of New York*, 46 NY2d 544, 550). To the extent that the first cause of action seeks money damages under the July 1987 contract for the additional land acquired, the breach would have occurred for the purpose of the limitations period when the deed was delivered to defendant in November 1987 (*see generally*, *West 90th Owners Corp. v Schlechter*, 137 AD2d 456, 459). Thus, this cause of action is untimely. Even if we were to construe the first cause of action as one actually seeking reformation based upon an error in the deed (*see*, *Tursi v St. Joseph's Sanatorium*, 133 AD2d 910) or rescission based upon mistake (*see*, *Zavaglia v Gardner*, 245 AD2d 446), the first cause of action is still untimely as plaintiff was on notice of the error and/or mistake in January 1989 (*see*, *id.*; *Tursi v St. Joseph's Sanatorium*, *supra*).

Plaintiff's second cause of action alleging that he did not receive the bargained-for cut trees is quite clearly a breach of contract claim. Defendant established that the property was cleared during "the fall of 1988 or winter of 1988-1989" and that plaintiff complained in March 1989 that he did not receive

the trees. Given these unrefuted facts, the contract was breached at the latest in March 1989, thereby rendering the second cause of action untimely as well.

Finally, we are unpersuaded that the Statute of Limitations began to run anew under General Obligations Law § 17-101. In order to meet the requirements of this statute, a writing must be signed, recognize an existing debt and contain nothing inconsistent with an intention on the debtor's part to pay it (*see, Morris Demolition Co. v Board of Educ.*, 40 NY2d 516, 521; *Sichol v Crocker*, 177 AD2d 842, 843, *lv denied* 79 NY2d 755). The May 31, 1989 offer letter was not an unconditional promise to pay a sum certain. Rather, after acknowledging that additional land was conveyed under the deed and that the trees were taken off the property, it merely made an offer of settlement which plaintiff never accepted (*see, Petito v Piffath*, 85 NY2d 1, *cert denied* 516 US 864; *cf., Leising v Multiple R Dev.*, 249 AD2d 920). Under these circumstances, General Obligations Law § 17-101 does not save plaintiff's claims and Supreme Court erred in failing to dismiss the complaint.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.