■ FLEET NATIONAL BANK, Formerly Known as NORSTAR BANK OF UPSTATE NY, Formerly Known as MOHAWK NATIONAL BANK, Respondent, v LAQUIDARA, INC., et al., Appellants, et al., Defendants. [736 NYS2d 813] —Carpinello, J. Appeal from an order of the Supreme Court (Williams, J.), entered January 11, 2001 in Saratoga County, which, inter alia, granted plaintiff's cross motion for summary judgment.

In February 1983, defendants Laquidara Construction, Inc., Aline H. Laquidara and Peter V. Laquidara (hereinafter collectively referred to as the guarantors), among others not relevant here, executed absolute, unconditional and continuing guaranties of payment of all present and future debts owed or to be owed by defendant Laquidara, Inc. to plaintiff's predecessor in interest. In December 1985, in connection with a $500,000 industrial development agency loan, Laquidara Construction executed a mortgage on real property securing that indebtedness, as well as "any and all other obligations

and liabilities now due and owing or which may hereafter be or become due and owing by [it] to [plaintiff]." After Laquidara, Inc. defaulted in the payment of a $1.5 million promissory note which was due and payable on June 30, 1991, plaintiff filed suit on August 7, 1998 seeking to hold the guarantors liable on their guaranties and to foreclose on the mortgage.

Ultimately, the guarantors moved for partial summary judgment and plaintiff cross-moved for summary judgment. In support of their motion and in response to the cross motion, the guarantors alleged that since the note at issue had been in default from its due date (notwithstanding significant subsequent partial payments by Laquidara, Inc.), the action was time barred (*see,* CPLR 213), and further that the mortgage was never intended to secure any debt other than the $500,000 industrial development agency loan. Supreme Court granted the cross motion. We now affirm.

Aside from the issue of the partial payments by Laquidara, Inc. (the latest being as recent as November 1997), the record reflects that the guarantors subscribed a forbearance and settlement agreement in August 1993 acknowledging the default on the $1.5 million note and setting forth new payment terms. Since the written acknowledgment of a debt and a promise to pay starts the statute of limitations to run anew (*see,* General Obligations Law § 17-101; *see also, Morris Demolition Co. v Board of Educ. of City of N.Y.,* 40 NY2d 516, 521; *Sitkiewicz v County of Sullivan,* 256 AD2d 884, 886, *appeal dismissed, lv dismissed* 93 NY2d 908), this action was timely filed. We also see no basis for disregarding the clear language of the mortgage, which stands in contradiction to the guarantors' argument that it was intended to be limited to securing only the industrial development agency loan.

Cardona, P.J., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with costs.