■ THOMAS M. SULLIVAN, Appellant-Respondent, v TROSER MANAGEMENT, INC., Respondent-Appellant. [791 NYS2d 231]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered December 12, 2003. The order, among other things, denied defendant's motion seeking dismissal of the amended complaint as time-barred, granted that part of plaintiff's cross motion seeking summary judgment on the first cause of action and granted defendant summary judgment dismissing the remainder of the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the fourth through seventh ordering paragraphs and reinstating the second and third causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action in March 2003 seeking, among other things, specific performance of that part of a contract executed in November 1986 that required defendant to issue stock to him in December 1991. We reject the contention of defendant on its cross appeal that Supreme Court erred in denying its motion to dismiss the amended complaint as time-barred. The six-year statute of limitations for an action upon a contract began to run on December 31, 1991, the date of the first alleged breach (*see* CPLR 213 [2]; *Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 403 [1993]). In this instance, however, the statute of limitations began running anew when defendant acknowledged its obligations under the contract (*see* General Obligations Law § 17-101). An acknowledgment will

toll or restart the running of the applicable statute of limitations if it is in writing, recognizes the existence of the obligation and contains nothing inconsistent with an intent to honor the obligation (*see Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 521 [1976]; *Sitkiewicz v County of Sullivan*, 256 AD2d 884, 886 [1998], *appeal dismissed, lv dismissed* 93 NY2d 908 [1999]). The critical issue is whether the document demonstrates an intent to pay the debt or to honor the obligation (*see Estate of Vengroski v Garden Inn*, 114 AD2d 927, 928 [1985]). As the letters written by defendant's attorney clearly evinced an intent by defendant to honor its obligations under the contract, they were sufficient to restart the running of the statute of limitations. As the last such letter was written in April 2000, the action was timely commenced by the filing of the summons and complaint in March 2003, and the court properly declined to grant summary judgment on the statute of limitations defense.

In its brief, defendant does not address the second and third ordering paragraphs, in which the court granted the motion of plaintiff for summary judgment on his first cause of action and directed defendant to issue and deliver a share certificate to plaintiff, and we thus deem defendant to have abandoned any contention that those paragraphs are improper (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). We agree with plaintiff, however, that the court erred by, in effect, searching the record and further ordering that the parties execute a buy-sell agreement and fixing the price for that purchase. The fourth, fifth and sixth ordering paragraphs set the value of the buy-back of defendant's equity interest at an amount derived from an apparent prior buyout of a different shareholder. The court further erred by, in effect, searching the record and granting summary judgment to defendant dismissing plaintiff's remaining causes of action in the seventh ordering paragraph. There had been no motion by either party regarding the issues raised in those causes of action. While a court has the power to search the record and grant summary judgment to a nonmoving party, it may do so "only with respect to a cause of action or issue that is the subject of the motions before the court" (*Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430 [1996]; *see also Katz v Waitkins*, 306 AD2d 442, 443 [2003]; *Costello v Hapco Realty*, 305 AD2d 445, 446 [2003]). As there had been no motion addressed to the issues that are the subject of the fourth, fifth, sixth and seventh ordering paragraphs, and as there is virtually no record upon which this Court can determine the propriety of those parts of the order, we modify the order by vacating those paragraphs and reinstating the second and third causes of action. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.