*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 1, 2016                    522687
_____

MAIDMAN FAMILY PARKING, LP,
                    Respondent,

        v

WALLACE INDUSTRIES, INC.,                    MEMORANDUM AND ORDER
    et al.,
                    Appellants.
_____

Calendar Date:  October 13, 2016

Before:  Garry, J.P., Egan Jr., Rose and Devine, JJ.

_____

        Neil T. Wallace, Williamsburg, Virginia and Coughlin &
Gerhart, LLP, Binghamton (Oliver N. Blaise III of counsel), for
appellants.

        Levene Gouldin & Thompson, LLP, Vestal (Scott R. Kurkoski
of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the Supreme Court (Rumsey, J.),
entered September 18, 2015 in Tompkins County, which, among other
things, denied defendants' motion to dismiss the complaint.

        Defendants Combustion Products Management, Inc., CPM
Virginia, LLC, CPM Pennsylvania LLC and CPM Golf, LLC borrowed
$155,186.46 from plaintiff and, in 2004, defendant Neil Wallace
signed a promissory note for that amount in his capacity as
president or sole member of those entities.  Defendant Wallace
Industries, Inc. simultaneously borrowed $244,813.54 from
plaintiff, and Wallace, its corporate president, executed a
promissory note to that effect.  The notes were secured by

separate mortgages on real property owned by Wallace Industries in the City of Ithaca, Tompkins County.  Wallace personally guaranteed both notes and additionally gave a guarantee on behalf of Wallace Industries.

The notes were due and payable on June 30, 2005, and it is undisputed that no payments were made.  Despite the default, plaintiff did not commence this action to recover the debt owed and to foreclose upon the mortgages until July 2, 2015, well beyond the six-year limitations period (see CPLR 213).  Defendants filed a pre-answer motion to dismiss the complaint alleging, among other things, that it was time-barred.  Supreme Court denied the motion in relevant part, agreeing with plaintiff that the action was timely inasmuch as defendants recognized the debts so as to take the "action out of the operation of the provisions of limitations of time for commencing actions" (General Obligations Law § 17-101).  Defendants appeal, and we now affirm.

"In order to meet the requirements of [General Obligations Law § 17-101], a writing must be signed, recognize an existing debt and contain nothing inconsistent with an intention on the debtor's part to pay it" (Sitkiewicz v County of Sullivan, 256 AD2d 884, 886 [1998], appeal dismissed and lv dismissed 93 NY2d 908 [1999]; see Hon Fui Hui v East Broadway Mall, Inc., 4 NY3d 790, 791 [2005]; Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521 [1976]).  Here, Wallace signed an August 26, 2010 letter in which he acknowledged the principal amount and maturity date for each loan and, indeed, agreed to waive any statute of limitations defense available to defendants against "any claim [by plaintiff] to enforce collection of any monies due [it] arising out of the" loans.  This language "clearly conveys and is consistent with an intention to pay, which is all that need be shown in order to satisfy" the statute, even if the phrasing implies that the sums owed by defendants might vary from the original principal amounts (Banco do Brasil v State of Antigua & Barbuda, 268 AD2d 75, 77 [2000]; see Chase Manhattan Bank v Polimeni, 258 AD2d 361, 361 [1999], lv

dismissed 93 NY2d 952 [1999]).[1]  A renewed statute of limitations for plaintiff's claims accordingly began to run no earlier than August 26, 2010 and, thus, the commencement of this action on July 2, 2015 was timely.

Defendants' remaining contentions, to the extent that they are not academic in light of the foregoing, have been examined and rejected.

Garry, J.P., Egan Jr. and Rose, JJ., concur.


ORDERED that the order is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  The record reveals the reasons for this ambivalence as to the amount ultimately owed by defendants, and it has nothing to do with the validity of the original obligations.  Wallace explained in an affidavit that a third-party corporation, controlled by the brother of plaintiff's principal, had agreed to assume defendants' obligations but had reneged on that promise.  Litigation ensued to enforce that promise and, while Wallace did not attack the validity of the underlying debt, he was reluctant to pay plaintiff if it meant letting the third-party corporation "off the hook" for debts it had agreed to pay.  Wallace did not assert that plaintiff agreed to substitute this third-party corporation as the debtor, however, and there is no indication that defendants have been relieved of their original obligations to plaintiff (see DCA Adv. v Fox Group, 2 AD3d 173, 174 [2003]; Wasserstrom v Interstate Litho Corp., 114 AD2d 952, 954-955 [1985]).