Nelux Holdings Intl., N.V. v Dweck (2018 NY Slip Op 02569)





Nelux Holdings Intl., N.V. v Dweck


2018 NY Slip Op 02569


Decided on April 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2018

Sweeny, J.P., Renwick, Mazzarelli, Kahn, Gesmer, JJ.


6288 652562/15

[*1]Nelux Holdings International, N.V., Plaintiff-Respondent,
v
Gila Dweck, Defendant-Appellant.


Flemming Zulack Williamson Zauderer LLP, New York (Richard A. Williamson of counsel), for appellant.
Schlam Stone & Dolan LLP, New York (Niall D. Ó Murchadha of counsel), for respondent.



Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered March 21, 2017, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
This action to recover on a loan was commenced in July 2015.
Defendant borrower established prima facie through the loan agreement and the notes that the loan was due to be paid by May 10, 2004, and that the six-year statute of limitations for a breach of contract claim expired on May 10, 2010. In opposition, plaintiff lender raised an issue of fact as to whether the statute of limitations was extended by "a new or continuing contract" pursuant to General Obligations Law § 17-101 (see State of N.Y. Workers' Compensation Bd. v Wang, 147 AD3d 104, 110 [3d Dept 2017]; see also TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d 75, 97 [1st Dept 2015]). Plaintiff submitted emails that it had received in 2009 from a law firm seeking to discuss repayment of defendant's loan. This Court and other Departments of the Appellate Division have recognized that a written acknowledgment of a debt signed by the agent of the party to be charged may be sufficient to invoke the statute (see Hakim v Hakim, 99 AD3d 498 [1st Dept 2012]; Chase Manhattan Bank v Polimeni, 258 AD2d 361 [1st Dept 1999], lv dismissed 93 NY2d 952 [1999]; see also Sullivan v Troser Mgt., Inc., 15 AD3d 1011, 1012 [4th Dept 2005]; Park Assoc. v Crescent Park Assoc., 159 AD2d 460 [2d Dept 1990]). An issue of fact arises from the conflicting evidence in the record as to whether the law firm was acting as defendant's agent when it sent the emails to plaintiff.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 17, 2018
CLERK