Gurecki v Gurecki (2020 NY Slip Op 07257)





Gurecki v Gurecki


2020 NY Slip Op 07257


Decided on December 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 3, 2020

529332

[*1]Stephen E. Gurecki, Respondent,
v
Richard A. Gurecki et al., Defendants, and Kenneth Sauer Jr. et al., Appellants.

Calendar Date: October 13, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Goldberg Segalla LLP, Buffalo (Marc W. Brown of counsel), for appellants.
Law Office of James F. Keefe, Cairo (David E. Woodin of David E. Woodin, LLC, Catskill, of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Fisher, J.), entered April 19, 2019 in Greene County, which denied a motion by defendants Kenneth Sauer Jr. and Bank of Greene County to dismiss the complaint against them.
The instant appeal involves a mortgage foreclosure action between family members. In 1998, plaintiff sold real property, on which there is an automobile repair business, to his brother and sister-in-law, defendants Richard A. Gurecki and Coral J. Gurecki (hereinafter collectively referred to as the Gureckis). The details of the transaction are not clear, but it appears that, as part of the conveyance, the Gureckis executed a note to borrow $90,000, without interest, from plaintiff secured by a mortgage against the real property. The note, dated September 4, 1998, did not provide for periodic payments. Instead, it required payment in full on September 4, 2008; such payment was not made. On April 13, 2017, approximately 19 years after the mortgage was executed, it was recorded. Then, on May 11, 2017, the Gureckis sold the property to defendant Kenneth Sauer Jr., who executed a mortgage with defendant Bank of Greene County (hereinafter BGC). It appears from the record that the title insurance company did not pick up the Gureckis' mortgage, thus it remained an unsatisfied senior lien post-closing. It also appears from the record that, after the closing, certain funds were held in escrow by an attorney and were ultimately released, at least in part, to the Gureckis. On or about June 11, 2018, plaintiff commenced this foreclosure action against the Gureckis, Sauer and BGC. The complaint indicates that the Gureckis had made only two $250 payments, on April 25, 2016 and May 4, 2016, and demanded the remaining $89,500. Sauer and BGC (hereinafter collectively referred to as defendants) moved to dismiss the complaint against them as time-barred by the applicable six-year statute of limitations. Supreme Court denied the motion, finding that defendants lacked standing to make the motion and that, in any event, the action was timely commenced. Defendants appeal.
Initially, we agree with defendants that Supreme Court erred in finding that they lacked standing to assert a statute of limitations defense against plaintiff (see U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1483 [2018]; Stewart Tit. Ins. Co. v Wingate, Kearney & Cullen, 134 AD3d 924, 925 [2015]), lv dismissed 27 NY3d 950 [2016]; Perry v Fries, 90 AD 484, 490-491 [1904]; see e.g. Bank of N.Y. Cent. Region v Cain, 78 AD2d 963, 963 [1980]). Turning to the merits, "[t]o dismiss [an action] pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (Krog Corp. v Vanner Group, Inc., 158 AD3d 914, 915 [2018] [internal quotation marks and citations omitted]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable" (Elia v Perla, 150 AD3d 962, 964 [2017] [internal quotation marks and citations omitted]). "As relevant here, the six-year statute of limitations applicable to a mortgage foreclosure action begins to run on the date on which the mortgagee is entitled to demand full payment of the loan" (McNeary v Charlebois, 169 AD3d 1295, 1296 [2019] [citations omitted]; see CPLR 213 [4]). Here, the statute of limitations can be extended by partial payments, when it is established "that there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521 [1976]; see McNeary v Charlebois, 169 AD3d at 1297). The statute of limitations can be renewed by "the written acknowledgement of a debt and a promise to pay starts" (Fleet Natl. Bank v Laquidara, Inc., 290 AD2d 930, 931 [2002], lv dismissed 98 NY2d 671 [2002]; see General Obligations Law § 17-101; Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d at 520-521).
Defendants' motion established prima facie that the statute of limitations had run, as the entire debt became due on September 3, 2008. Plaintiff, however, did not seek to foreclose on the mortgage until June 2018, well beyond the six-year limitations period (see CPLR 213 [4]; U.S. Bank N.A. v Martin, 144 AD3d 891, 891-892 [2016]; see generally McNeary v Charlebois, 169 AD3d at 1296). To defeat defendants' prima facie showing, plaintiff relied on both the partial payment exception and an acknowledgement to restart the statute of limitations. As to the partial payments, plaintiff proffered an affidavit wherein he averred that the Gureckis had made payments, in varying amounts, on 14 occasions between September 2008 and May 2016. We note that this is in stark contrast to the complaint, wherein plaintiff alleged only two partial payments, both of which were made in 2016 after the statute of limitations had expired. As to the 12 partial payments that plaintiff claims were made prior to 2016, these are "mere naked payment[s] of money without anything to show on what account, or for what reason, the money was paid," and, thus, they are insufficient to raise an issue of fact as to whether the statute of limitations was tolled (Crow v Gleason, 141 NY 489, 493 [1894]; see Sudit v Eliav, 181 AD3d 955, 956-957 [2020]; McNeary v Charlebois, 169 AD3d at 1296-1297).
However, plaintiff alleges that the two payments made by the Gureckis in 2016 were "accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d at 521; see McNeary v Charlebois, 169 AD3d at 1297). Specifically, plaintiff argues that emails between Marilyn Carreras — presumably the Gureckis' attorney in the sale of the subject property to Sauer — and Larry Gardner — plaintiff's attorney — establish that the Gureckis made two payments in 2016 and were promising to pay the remainder of their debt to plaintiff.[FN1] However, the tolling or revival effect of partial payments differs as between the payor — the Gureckis — and subsequent purchasers — defendants (see General Obligations Law § 17-107 [2]). To that end, as relevant here, a qualifying partial payment [FN2] that is made before the expiration of the statute of limitations will renew the statute of limitations against any subsequent purchaser (see General Obligations Law § 17-107 [2] [2d par]; Roth v Michelson, 55 NY2d 278, 282 n 2 [1982]). In contrast, a qualifying partial payment that is made after the expiration of the statute of limitations will only revive the statute of limitations as to a subsequent purchaser who did not give value or who had [*2]actual notice of the making of the payment (see General Obligations Law § 17-107 [2] [a]; [2d par]; Roth v Michelson, 55 NY2d at 282; Bergenfeld v Midas Collections, 38 AD2d 939, 940 [1972]; see generally 35 NY Prac, Mortgage Liens in New York § 18:6 [Sept. 2020 update]). Here, even assuming that the 2016 payments met the test set forth in Lew Morris Demolition Co. v Board of Educ. of City of N.Y. (40 NY2d at 521), at the time that they were made the statute of limitations had expired. Given that the record is clear that defendants are purchasers for value and plaintiff put forth no evidence that defendants had actual notice of the 2016 payments, the payments did not have the effect of reviving the statute of limitations as to defendants (see General Obligations Law § 17-107 [2]; see Roth v Michelson, 55 NY2d at 282; compare Bergenfeld v Midas Collections, 38 AD2d at 940).
Finally, we turn to plaintiff's contention that Carreras' email was a written acknowledgement that revived the statute of limitations. "The writing, in order to constitute an acknowledgement, must recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d at 521 [citations omitted]; see Maidman Family Parking, LP v Wallace Indus., Inc., 145 AD3d 1165, 1166 [2016]). As relevant here, pursuant to General Obligations Law § 17-105 (3) (a), a promise to pay a mortgage debt that revives the statute of limitations is effective against a subsequent purchaser who did not give value or who had actual notice of the making of the payment.[FN3] Accordingly, inasmuch as defendants purchased the property for value and plaintiff proffered no evidence that defendants had actual notice of the emails,[FN4] which are the alleged qualifying "writing[s]" (General Obligations Law § 17-101), they did not revive the statute of limitations as to defendants. Therefore, plaintiff has failed to raise a question of fact as to whether the statute of limitations was either extended or renewed, and, thus, defendants' motion for summary judgment is granted and the action is dismissed against defendants (see Elia v Perla, 150 AD3d at 965; Barry v Cadman Towers, Inc., 136 AD3d 951, 953 [2016], lv denied 28 NY3d 913 [2017]). In light of this determination, defendants' remaining contentions have been rendered academic.
Egan Jr., J.P., Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted and complaint dismissed against defendants Kenneth Sauer Jr. and Bank of Greene County.



Footnotes

Footnote 1: Notably, Carreras references only the two 2016 payments having been made by the Gureckis, rather than the 14 now alleged by plaintiff.

Footnote 2: A qualifying payment is one that is "accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d at 521; see McNeary v Charlebois, 169 AD3d at 1297).

Footnote 3: Unlike General Obligations Law § 17-107, which relates to partial payments, General Obligations Law § 17-105 does not differentiate between an acknowledgement made prior to or after the expiration of the statute of limitations (see Roth v Michelson, 55 NY2d at 282 n 2; see also 35 NY Prac, Mortgage Liens in New York § 18:6).

Footnote 4: The emails, of which defendants were not recipients, were not sent until after the closing.