Gulledge v Jefferson County (2021 NY Slip Op 02856)





Gulledge v Jefferson County


2021 NY Slip Op 02856


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

530431
[*1]Gabrielle Gulledge, Individually, as Parent and Guardian of D. Gulledge, an Infant, and on Behalf of the Estate of Demearle Gulledge, Deceased, Respondent,
v
Jefferson County et al., Defendants, and Keith Kilgore, Appellant.

Calendar Date:March 10, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Barclay Damon, LLP, Albany (Brienna Christiano of counsel), for appellant.
Bosman Law, LLC, Blossvale (A.J. Bosman of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Connolly, J.), entered November 4, 2019 in Albany County, which, among other things, denied defendant Keith Kilgore's motion to dismiss the complaint against him.
Plaintiff was the spouse of Demearle Gulledge (hereinafter decedent) who died while incarcerated at the Albany County Correctional Facility in May 2013. In May 2014, plaintiff commenced this action against various individuals and municipalities. On March 4, 2016, plaintiff moved for leave to serve an amended complaint, which Supreme Court (McNally Jr., J.) granted by order entered September 13, 2016. Plaintiff subsequently filed an amended summons and complaint on September 21, 2016 that named defendant Keith Kilgore (hereinafter defendant) as a defendant. Then, by order entered March 16, 2018, the action (hereinafter the first action) was dismissed by Supreme Court (Connolly, J.) based upon plaintiff's lack of capacity for failure to have valid letters of administration on behalf of decedent's estate. On appeal, this Court affirmed (Gulledge v Jefferson County, 172 AD3d 1666, 1667 [2019]).
On May 30, 2018, after obtaining valid letters of administration, plaintiff commenced this action (hereinafter the second action). Defendant moved to dismiss the complaint, alleging that the action was untimely because more than five years had passed since the expiration of the statute of limitations. Plaintiff opposed, arguing that the action was timely, in part, due to the provisions of CPLR 205 (a). In defendant's reply papers, he alleged for the first time that he was never served in the first action. Supreme Court denied defendant's motion to dismiss, holding that the second action was timely inasmuch as the statute of limitations was stayed due to plaintiff's motion to amend the complaint as well as the provisions of CPLR 205 (a). The court also declined to consider defendant's argument that he was not served in the first action as it was raised for the first time in defendant's reply. Defendant appeals.
Contrary to defendant's contention, Supreme Court did not abuse its discretion in declining to consider his argument that he was never served in the first action, which he raised for the first time in his reply papers. Generally, "reply papers are intended to address contentions raised in opposition to the motion and not to introduce new arguments in support of the motion" (Jones v Castlerick, LLC, 128 AD3d 1153, 1154 [2015] [internal quotation marks and citation omitted]; see Oglesby v Barragan, 135 AD3d 1215, 1216 [2016]). To that end, although defendant claims that he was not aware that plaintiff intended to use the safe harbor provisions of CPLR 205 (a) until plaintiff's answering papers, defendant should have been aware that plaintiff was intending to rely on its protection from the outset given that plaintiff stated this in her complaint. Therefore, given that plaintiff did not have an opportunity to respond to this argument and [*2]that it could have been raised earlier, Supreme Court properly declined to consider it (see Oglesby v Barragan, 135 AD3d at 1216; compare Pizarro v Dennis James Boyle, Inc., 180 AD3d 596, 596 [2020]).
We turn next to defendant's assertion that Supreme Court erred in denying his motion to dismiss because the second action is untimely. As relevant here, the statute of limitations for actions brought pursuant to 42 USC § 1983 are governed by a three-year statute of limitations (see CPLR 214 [2]; Fields v Board of Higher Educ. of City of N.Y., 94 AD2d 202, 205 [1983], affd 63 NY2d 817 [1984]). Loss of consortium is governed by the same three-year statute of limitations (see Rothfarb v Brookdale Hosp., 139 AD2d 720, 722 [1988]). Given that the second action was not commenced until May 2018 and decedent died in May 2013, defendant demonstrated his prima facie entitlement to dismissal as the action was facially time-barred (see CPLR 214 [2]; cf. Gurecki v Gurecki, 189 AD3d 1729, 1730 [2020]). The burden therefore shifted to "plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable" (Gurecki v Gurecki, 189 AD3d at 1730 [internal quotation marks and citations omitted]).
A plaintiff may add parties at any stage of an action with leave of court (see CPLR 1003). Where a plaintiff makes a motion for leave to amend the complaint, accompanied by the proposed amended complaint, the statute of limitations is tolled until the order granting the motion is entered (see Perez v Paramount Communications, 92 NY2d 749, 755-756 [1999]; Kelley v Schneck, 106 AD3d 1175, 1178 [2013], lv dismissed 21 NY3d 1069 [2013]). Additionally, where "an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" (CPLR 205 [a]; see Carrick v Central Gen. Hosp., 51 NY2d 242, 245-246 [1980]). A plaintiff may avail himself or herself of the six-month period to recommence under CPLR 205 (a) where dismissal of the prior action was "based solely upon the absence of a duly appointed administrator" (Carrick v Central Gen. Hosp., 51 NY2d at 253; see Rodriguez v River Val. Care Ctr., Inc., 175 AD3d 432, 433 [2019]).
Plaintiff established that the statute of limitations was tolled between March 4, 2016 and September 13, 2016 while her motion for leave to amend the complaint was pending (see Perez v Paramount Communications, 92 NY2d at 755-756). Plaintiff then filed the amended summons [*3]and complaint eight days later, on September 21, 2016, still within the previously tolled statute of limitations. Further, inasmuch as the first action was dismissed on March 5, 2018 due to lack of capacity, the second action was timely commenced on May 30, 2018, well within the six-month time period permitted by the safe harbor provision contained in CPLR 205 (a) (Carrick v Central Gen. Hosp., 51 NY2d at 252; see Rodriguez v River Val. Care Ctr., Inc., 175 AD3d at 433). Accordingly, Supreme Court properly denied defendant's motion to dismiss.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.