Sloane v Power Auth. of the State of N.Y. (2023 NY Slip Op 01332)

Sloane v Power Auth. of the State of N.Y.

2023 NY Slip Op 01332

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

534164
[*1]Lawrence Sloane et al., Appellants,
v
Power Authority of the State of New York, Respondent, et al., Defendants.

Calendar Date:January 9, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Aaron Mark Zimmerman, Esq., PC, Syracuse (Aaron Mark Zimmerman of counsel), and Bousquet Holstein, PLLC, Syracuse (Gary J. Lavine of counsel), for appellants.
Holland & Knight LLP, New York City (Katherine A. Skeele of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (James H. Ferreira, J.), entered September 22, 2021 in Albany County, which, among other things, granted a motion by defendant Power Authority of the State of New York to dismiss the complaint against it.
Defendant Power Authority of the State of New York (hereinafter NYPA) generates hydropower using the Niagara and St. Lawrence Rivers. NYPA is legally mandated to sell a portion of the hydropower, known as "preference hydropower," at cost to certain wholesale customers, who then resell it to retail customers (see Public Authorities Law § 1005 [5]; 16 USC § 836 [b] [1]). Among NYPA's wholesale customers are defendants Villages of Solvay and Skaneateles in Onondaga County. Plaintiff William H. Steele, a resident of Solvay, and plaintiff Eric Stohrer, a resident of Skaneateles, are retail consumers who purchase preference hydropower through their respective municipal utilities.
In the early 1980s, plaintiff Lawrence Sloane and other individuals brought a series of court challenges that resulted in rulings interpreting NYPA's statutory obligation to ensure that preference hydropower was available for retail consumers at the "lowest possible price" (Public Authorities Law § 1005 [5]). After these rulings were issued, the cases were resolved by means of a global settlement agreement (hereinafter the 1986 Settlement Agreement), entered into by Sloane, defendants and other parties, which further clarified NYPA's obligations regarding the setting of preference hydropower rates. Following the 1986 Settlement Agreement, NYPA proceeded to engage in public rate-making processes with respect to preference hydropower on five separate occasions, with the most recent rate becoming effective on December 1, 2011.
On December 2, 2020, plaintiffs commenced this action seeking a declaratory judgment and monetary damages stemming from defendants' purported failure to supply preference hydropower at cost. According to the complaint, under the 2011 rate plan, preference hydropower customers are receiving 45% of the total hydropower generated but are being charged 55% of the total costs of production, in violation of the aforementioned federal and state statutes, case law and the 1986 Settlement Agreement. Following commencement, NYPA filed a pre-answer motion to dismiss the complaint, arguing, among other things, that it was time-barred. Plaintiffs opposed the motion and cross-moved for an award of costs and sanctions. Supreme Court issued a decision and order in which, as relevant here, it granted NYPA's motion, denied plaintiffs' cross-motion and dismissed the complaint as untimely. Plaintiffs appeal.
We affirm. A motion to dismiss a complaint on statute of limitations grounds pursuant to CPLR 3211 (a) (5) requires the defendant "to establish, prima facie, that the action was time-barred" (Northeastern Indus. Park, Inc. v Hoosick Val. Contrs., Inc., 106 AD3d 1182, 1183 [3d Dept 2013]; accord DiCenzo v Mone, 200 AD3d 1162[*2], 1164 [3d Dept 2021]). This entails a showing as to when the plaintiff's claim accrued (see Witecki v Saratoga Lakeside Acres Assn., Inc., 201 AD3d 1175, 1177-1178 [3d Dept 2022]; DiCenzo v Mone, 200 AD3d at 1164). The burden then shifts to the plaintiff "to raise a question of fact as to whether the statute of limitations has been tolled or was otherwise inapplicable, or whether the action was actually commenced within the period propounded by [the] defendant[ ]" (Colucci v Rzepka, 209 AD3d 1205, 1207 [3d Dept 2022] [internal quotation marks, ellipsis and citations omitted]).
Against that backdrop, we preliminarily note that "[w]here the challenge brought is to a quasi-legislative act or decision made by an administrative agency, . . . the proper vehicle for such review is a CPLR article 78 proceeding" (Smith v State of New York, 201 AD3d 1225, 1227 [3d Dept 2022] [internal quotation marks, ellipsis and citation omitted]; see generally Solnick v Whalen, 49 NY2d 224, 229-230 [1980]). Thus, inasmuch as the substance of plaintiffs' challenge is to NYPA's administrative act of setting rates for preference hydropower, the four-month statute of limitations pertaining to CPLR article 78 proceedings applies (see CPLR 217 [1]; 7803 [3]; see e.g. Matter of Incorporated Vil. of Freeport v Public Serv. Commn. of the State of N.Y., 206 AD3d 1205, 1207 [3d Dept 2022]; Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 169 AD3d 1334, 1335 [3d Dept 2019], appeal dismissed & lv denied 33 NY3d 1053 [2019]; Matter of National Energy Marketers Assn. v New York State Pub. Serv. Commn., 167 AD3d 88, 95 [3d Dept 2018]; Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of State of N.Y., 71 AD3d 62, 66 [3d Dept 2009], affd 16 NY3d 360 [2011]).
NYPA met its prima facie burden of demonstrating that plaintiffs' causes of action are untimely. As NYPA points out, plaintiffs acknowledge in the complaint that NYPA's last rate-making process occurred in 2011, and the complaint makes no claim that NYPA did anything to change the preference hydropower rate since that time. Having thus shown that accrual of plaintiffs' claims occurred in 2011, NYPA further established that plaintiffs failed to contest the 2011 rate-making within the requisite four-month period (see CPLR 217 [1]; Doyle v Goodnow Flow Assn., Inc., 193 AD3d 1309, 1312 [3d Dept 2021], lv denied 37 NY3d 911 [2021]). We incidentally note that, even if plaintiffs' claims properly lent themselves to an action for breach of contract or a declaratory judgment, as plaintiffs contend, commencement still would fall outside of the six-year limitations period applicable to such claims (see CPLR 213 [1], [2]; Via Health Home Care, Inc. v New York State Dept. of Health, 33 AD3d 1100, 1102 [3d Dept 2006]).
Plaintiffs, in turn, failed to meet their shifted burden of demonstrating that the limitations period was tolled or inapplicable, or that the action was timely commenced. In [*3]an effort to show that the accrual date was actually later than 2011, plaintiffs cited to the following events that have occurred since 2011: NYPA made phase-in adjustments to the rate; NYPA made periodic adjustments to the rate using a rate stabilization reserve mechanism; NYPA provided a refund to customers in 2018, following an enforcement proceeding; and NYPA entered into new contracts with its customers. None of these facts were referenced in the complaint and, in any event, plaintiffs' arguments relative thereto are not persuasive.
As reflected in a sworn affidavit submitted by NYPA's former vice president of financial planning and budgets, which plaintiffs failed to refute, the phase-in adjustments were contemplated in the 2011 rate-setting process, and the periodic adjustments based upon the rate stabilization reserve mechanism are simply performed in order to assure that NYPA is adhering from year to year to the rate set in 2011. Further, plaintiffs' own proof showed that the 2018 refund was the result of an error in the preference hydropower rate-making modeling, not a change in the rate itself, and that the customer contracts in question did not alter the 2011 rate but simply applied it. Finally, plaintiffs' claim that the above-described actions constituted continuous wrongs, serving to restart the clock on the statute of limitations, is both unpreserved and without merit (see Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1031-1032 [2013]; Naccarato v Sinnott, 176 AD3d 1467, 1468 [3d Dept 2019]).
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.