Carda v DePaulo (2025 NY Slip Op 50538(U))

[*1]

Carda v DePaulo

2025 NY Slip Op 50538(U)

Decided on April 15, 2025

Supreme Court, Saratoga County

Kupferman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 15, 2025
Supreme Court, Saratoga County

Kasandra Carda, individually and in the right and benefit 
 of Saratoga Spa Realty, LLC, Plaintiff,

against
David DePaulo, BELLA HOME BUILDERS, INC., CLIFTON PARK MEADOWS, LLC, HOMESTEAD LANDING, LLC, 
 and GOODHUE WILTON PROP, INC., Defendants.

Index No. EF20242230

Matthew D. Wagoner, Esq.
Farrell Fritz, P.C.
19 Dove Street, Suite 202
Albany, New York 12210
Attorneys for the Plaintiff
Benjamin F. Neidl, Esq.
Hacker Murphy LLP
200 Harborside Drive, Suite 300
Schenectady, New York 12305
Attorneys for the First Four Named Defendants
David H. Pentkowski, Esq.
Pentkowski & Pastore
5 Longkill Road
Ballston Lake, New York 12019
Attorneys for Defendant,
Goodhue Wilton Prop, Inc.

Richard A. Kupferman, J.

The plaintiff, Kasandra Carda is a licensed real estate broker. The defendant, David DePaulo is a builder. In March 2016, they formed a brokerage company to sell real estate, including properties developed by Mr. DePaulo. Years later, in July 2024, Ms. Carda [*2]commenced this action against Mr. DePaulo and his entities, alleging that they failed to collect/pay commissions owed to the brokerage company for the sale of their properties. In response, the Defendant, Bella Home Builders, Inc. ("Bella"), which is owned by Mr. DePaulo, has asserted counterclaims against Ms. Carda for allegedly failing to pay Bella for the construction of her home. Ms. Carda now seeks to dismiss Bella's counterclaims, pursuant to CPLR 3211, as barred based on the statute of limitations and documentary evidence.
In considering whether to dismiss based on the statute of limitations pursuant to CPLR 3211(a)(5), the movant bears the initial burden of demonstrating, prima facie, that the time in which to sue has expired (Sloane v Power Auth. of the State of NY, 214 AD3d 1150, 1151 [3d Dept 2023]). If the movant satisfies this burden, the burden shifts to the opposing party to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the pleading was filed within the applicable limitations period (see id.). In making its determination, a court must accord the non-moving party every favorable inference and refrain from resolving triable issues of fact (see Northeastern Indus. Park, Inc. v Hoosick Val. Contrs., Inc., 106 AD3d 1182, 1184 [3d Dept 2013]; see also Deutsche Bank National Trust Company v Lewin, 205 AD3d 677, 680 [2d Dept 2022]).
Here, Ms. Carda contends that Bella's counterclaims are barred by the six-year statute of limitations applicable to contract claims (CPLR 213[2]), as Bella failed to assert the counterclaims until over seven years after completion of the construction. In response, Bella does not dispute the limitations period (six years) or that it failed to assert its counterclaims until more than seven years after the initial accrual date. Rather, Bella contends that Ms. Carda made statements in an April 2023 email that qualify as an acknowledgment of a pre-existing debt sufficient to restart the statute of limitations pursuant to General Obligations Law § 17-101. 
To be sufficient, Section 17-101 provides that an "acknowledgment" must be "contained in a writing signed by the party to be charged thereby" (General Obligations Law § 17-101). As explained by the case law, the writing must "recognize an existing debt and contain nothing inconsistent with an intention on the debtor's part to pay it" (Maidman Family Parking, LP v Wallace Indus., Inc., 145 AD3d 1165, 1166 [3d Dept 2016], quoting Sitkiewicz v County of Sullivan, 256 AD2d 884, 886 [3d Dept 1998]; see also Hon Fui Hui v East Broadway Mall, Inc., 4 NY3d 790, 791 [2005]). "The critical issue is whether the document demonstrates an intent to pay the debt or to honor the obligation" (Sullivan v Troser Mgmt., 15 AD3d 1011, 1012 [4th Dept 2005]). 
Further, an acknowledgment does not require a formal letter or notarized document. Rather, a short statement in an email may suffice (see Toobian v Toobian, 209 AD3d 907, 909 [2d Dept 2022] [Nassau County Index No. 610236/2018; NYSCEF Dkt. No. 81: "I am going to pay you the entire debt as you want it next yr."]; MB Moda Borse S.R.L. v. Marks, 202 AD3d 441, 441-442 [1st Dept 2022] [New York County Index No. 651547/2020, NYSCEF Doc. 96: "You will get steady payments"]; George Tsunis Real Estate, Inc. v Benedict, 116 AD3d 1002, 1003 [2d Dept 2014]; Hakim v Hakim, 99 AD3d 498, 498-501 [1st Dept 2012]; compare Pugni v Giannini, 163 AD3d 1018, 1019-1020 [2d Dept 2018] [Westchester County Index No. 56737/2016, NYSCEF Dkt. No. 24]).
Here, the April 2023 email discusses the conclusion of the parties' business affairs together. In the email, Ms. Carda wrote to Mr. DePaulo, "we have an outstanding debt to you regarding the build of our home" (emphasis added). She further added, "I know that you told me not to worry about it, but we both want to make that right as we both do worry about that" [*3](emphasis added). After discussing certain construction charges (including for electrical work and grading), Ms. Carda again expressed her desire to "make it right." She wrote, "We would like to make it right and offer $10k to make everything copacetic on that front if you believe that to be fair" (emphasis added). She then added, "We would like to ensure you are either paid that debt, or feel I have paid into it. Please let us know your thoughts on this. We just want to make it right."
This language is sufficient to deny that part of the motion seeking to dismiss based on the statute of limitations defense. In the email, Ms. Carda clearly acknowledged the existence of an outstanding debt for the construction of her home, and she further expressed a desire to pay this debt. In particular, Ms. Carda expressly referred to the debt as being "outstanding" while using the present tense ("have"), and she then expressed a desire to "make it right" several times in the email. The email further expressed a willingness to pay the debt by offering $10,000. 
Further, one could reasonably find that the offer made in the email did not contradict an intention to pay the debt. To the contrary, the offer was made in conjunction with a clear expression of an intention to pay the debt ("We would like to make it right and offer $10k") (emphasis added). After making the offer, Ms. Carda further invited Mr. DePaulo to share his thoughts and reiterated that she wanted to "make it right." This reconfirmed Ms. Carda's intention to pay the debt regardless of whether Mr. DePaulo accepted the offer or considered it fair.
This case is remarkably similar to an example in Section 82 of the Restatement (Second) of Contracts. There, Party A owed Party B a debt for some work which B did, but the amount due was in dispute (Restatement [Second] of Contracts, § 82, Illustrations, Number 3). A wrote to B, "I will pay you whatever I owe" (id.). According to the Restatement, this language was sufficient to restart the statute of limitations and impose a duty on A to pay whatever amount B could prove was due (id.).
This case is also similar to several appellate court cases which have denied similar requests for summary dismissal, holding that the email or letter at issue constituted an acknowledgment, satisfied the pleading requirements, or raised a triable issue of fact (see Toobian, 209 AD3d at 909; MB Moda Borse S.R.L., 202 AD3d at 441-442; Towers Food Serv., Inc. v New York City Health & Hosps. Corp., 153 AD3d 1163, 1164 [1st Dept 2017]; George Tsunis Real Estate, Inc., 116 AD3d at 1002; Hakim, 99 AD3d at 498-501; Sullivan, 15 AD3d at 1012; Fade v Pugliani, 8 AD3d 612, 613 [2d Dept 2004]). As in these other cases, the writing in this case justifies denial of the motion seeking summary dismissal based on the statute of limitations defense.[FN1]

Turning next to the second ground asserted for dismissal, Ms. Carda raises the defense of [*4]payment and contends that Bella received all payments for the construction services performed. In support, Ms. Carda relies on various documents attached to her affirmation, including a building and loan agreement that she entered into with the bank; records from the bank indicating that all the proceeds from the loan were distributed; copies of two checks issued to Bella for construction services (totaling $182,500); appraisal reports; and certificates of occupancy.
On a motion to dismiss based on documentary evidence pursuant to CPLR 3211(a)(1), the motion may be granted "only where the documentary evidence utterly refutes the [non-moving party's] factual allegations, conclusively establishing a defense as a matter of law" (CGreen, LLC v Quantum Impact Steel, LLC, 232 AD3d 974, 975 [3d Dept 2024] [internal quotation marks and citations omitted]; see also Parkoff v Stavsky, 109 AD3d 646, 647 [2d Dept 2013]). In considering such a motion, the court must afford the pleadings a liberal construction, take the allegations of the non-moving party as true, and provide the non-moving party the benefit of every possible inference (see Crepin v Fogarty, 59 AD3d 837, 838 [3d Dept 2009]). 
Here, the documents relied upon by Ms. Carda do not conclusively establish her defense of payment as a matter of law. First, the agreement relied upon by her concerns her bank. Bella was not a named party or a signatory to that agreement. Second, even if the bank agreement reflected the terms of the parties' bargain, the records indicate that others (including Ms. Carda) received loan distributions. Based on the records, it is not clear how much Bella received and whether Bella was paid for all the agreed-upon services performed. 
In any event, even assuming for the sake of argument that Bella received all payments due for the services performed under the bank agreement (which appears to be the case), this does not address Mr. DePaulo's allegations that Bella did not receive payment for $18,253 for additional services that were beyond the parties' original scope of work, including underground electrical work, re-grading, and leveling of the yard. As the documents provided by Ms. Carda do not indicate that Bella received payment for these additional services, they do not conclusively establish the defense of payment as a matter of law. 
Accordingly, the plaintiff's motion to dismiss Bella's counterclaims is denied in its entirety.
It is therefore,
ORDERED that the plaintiff's motion seeking to dismiss Bella's counterclaims (Motion No. 1) is DENIED, and it is further
ORDERED that the parties are directed to complete discovery within the next 120 days; and it is further
ORDERED that the parties and their counsel shall appear for a compliance/settlement conference in person at the Saratoga County Courthouse on September 10, 2025 at 11:00 a.m. 
This shall constitute the Decision and Order of the Court. No costs are awarded to any party. The Court is hereby uploading the original decision into the NYSCEF system for filing and entry by the County Clerk. The Court further directs the parties to serve notice of entry in accordance with the Local Protocols for Electronic Filing for Saratoga County.
So-Ordered.
Dated: April 15, 2025
at Ballston Spa, New York
HON. RICHARD A. KUPFERMAN
Justice Supreme Court
Papers Considered:
NYSCEF Doc. Nos.: 1-2, 11, 27-39, 41-48

Footnotes

Footnote 1:Although Section 17-101 applies only to contract claims, the parties have not discussed the law of acknowledgments under the common law for claims based on quantum meruit and unjust enrichment. As such, the motion papers are undeveloped and insufficient to justify dismissing the second and third counterclaims based on the statute of limitations defense.

Further, Bella also contends that CPLR 203(d) applies as an alternative ground to uphold the timeliness of the counterclaims. However, given this decision, it would be more appropriate to wait until after discovery is completed to consider the application of CPLR 203(d), if necessary.