U.S. Bank Trust N.A. v Chambers (2025 NY Slip Op 07054)

U.S. Bank Trust N.A. v Chambers

2025 NY Slip Op 07054

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-24-1371
[*1]U.S. Bank Trust N.A., as Trustee, Appellant,
vRoberta Chambers, Respondent, et al., Defendants.

Calendar Date:November 13, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Lynch, Ceresia and Powers, JJ.

Hinshaw & Culbertson LLP, New York City (Diane C. Ragosa of counsel), for appellant.
Roberta Chambers, Middletown, respondent pro se.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (E. Danielle Jose-Decker, J.), entered May 7, 2024 in Sullivan County, which granted defendant Roberta Chambers' motion to dismiss the complaint against her.
In June 2007, defendant Roberta Chambers (hereinafter defendant) executed a promissory note to borrow $317,496 from Wells Fargo Bank, N.A., that was secured by a mortgage on her property located in Sullivan County. The mortgage and note were subsequently assigned to MTGLQ Investors, L.P. and, after defendant allegedly defaulted in making payment of the loan installments, it commenced an action to foreclose on the mortgage in 2014. Supreme Court (Schick, J.) dismissed the action for failure to prosecute in September 2016 (see 22 NYCRR 202.27).
Several weeks later, defendant and Rushmore Loan Management Services, LLC, the loan servicer for MTGLQ Investors, executed a Home Affordable Modification Agreement, resulting in a permanent modification of the mortgage. Defendant thereafter duly remitted monthly installment payments, after which payments allegedly ceased. The mortgage was subsequently assigned to various entities before ultimately being assigned to plaintiff in 2022. The present foreclosure action was commenced in July 2023. Defendant moved to dismiss the complaint against her, arguing it is time-barred by the applicable six-year statute of limitations, as the mortgage debt, which was accelerated by the commencement of the 2014 foreclosure action, was never de-accelerated. Plaintiff opposed the motion claiming that the statute of limitations was reset by the mortgage modification agreement. Supreme Court (Jose-Decker, J.), granted defendant's motion. Plaintiff appeals.
"[T]he six-year statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment unless the debt has been accelerated; once the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage" (U.S. Bank N.A. v Catalfamo, 189 AD3d 1786, 1787 [3d Dept 2020] [internal quotation marks and citations omitted]; accord GMAT Legal Tit. Trust 2014-1, US Bank N.A. v Wood, 192 AD3d 1285, 1286 [3d Dept 2021]). "[T]he statute of limitations can be extended by partial payments, when it is established that there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgement by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Gurecki v Gurecki, 189 AD3d 1729, 1730 [3d Dept 2020] [internal quotation marks and citation omitted]; see Federal Natl. Mtge. Assn. v Jeanty, 39 NY3d 951, 952 [2022]). "[T]he written acknowledgment of a debt and a promise to pay starts the statute of limitations to run anew" (Fleet Natl. Bank v Laquidara, Inc., 290 AD2d 930, 931 [3d Dept 2002], lv dismissed 98 NY2d 671 [2002]; see General [*2]Obligations Law § 17-105 [1]).
Plaintiff contends that Supreme Court erred in finding that the statute of limitations began running on September 1, 2008, and that therefore the 2016 modification agreement could not serve to de-accelerate the loan as it was not entered into during the applicable six-year statute of limitations. We agree. The court reasoned that because the complaint referenced that defendant had not remitted payment since September 1, 2008, the mortgage debt accelerated on that date. It is well settled that the acceleration of the debt commences the statute of limitations; however, there must be some evidence of said acceleration. Here, there is nothing in the record, i.e., a demand letter, etc., that evinces that a notice of acceleration was forwarded to defendant (see Ajax Mtge. Loan Trust 2021-C, Mtge.-Backed Sec., Series 2021-C v Steele, 240 AD3d 1037, 1038 [3d Dept 2025]; Beneficial Homeowner Serv. Corp. v Heirs at Large of Ramona E. Thwaits, 185 AD3d 1126, 1128 [3d Dept 2020], lv denied 35 NY3d 918 [2020]). Conversely, the complaint itself, filed in 2014, states that plaintiff "has elected to declare" the entirety of the unpaid principal, with interest, "immediately due and payable." The complaint further states that this election to accelerate was made pursuant to RPAPL 1304, the mandatory 90-day notice, which is a condition precedent to the commencement of the foreclosure action (see RPAPL 1304 [1]). It is well established that the actual commencement of a foreclosure action accelerates the debt, and the statute of limitations begins to run on the entire balance of the mortgage at that time (see Wells Fargo Bank, N.A. v Welch, 223 AD3d 993, 994 [3d Dept 2024]; GMAT Legal Tit. Trust 2014-1, US Bank N.A. v Wood, 192 AD3d at 1287). Accordingly, in this case, the statute of limitations was not triggered until the debt was accelerated by the commencement of the action in July 2014 (see CPLR 213 [4]; GMAT Legal Tit. Trust 2014-1, US Bank N.A. v Wood, 192 AD3d at 1287). The mortgage modification agreement was executed two years later, in 2016, well within the six-year statute of limitations.
Turning to the merits of whether the home affordable modification agreement and defendant's subsequent remittal of installment payments reset the statute of limitations, we look to the objective of the home affordable mortgage program and the resultant modification agreement. The intent of the program "was to provide relief to borrowers who have defaulted on their mortgage payments or who are likely to default by reducing mortgage payments to sustainable reduced levels, without discharging any of the underlying debt" (Wells Fargo Bank N.A. v Grover, 165 AD3d 1541, 1543 [3d Dept 2018] [internal quotation marks and citations omitted]). Pursuant to the terms of the modification agreement, defendant reaffirmed the terms of the underlying loan documents and agreed to comply with all of the terms and conditions therein. The mortgage modification agreement[*3], coupled with defendant's remittal of the installment payments, constituted "circumstances amounting to an absolute and unqualified acknowledgement by [defendant] of more being due, from which a promise may be inferred to pay the remainder" (Federal Natl. Mtge. Assn. v Jeanty, 39 NY3d at 952 [internal quotation marks and citation omitted]; see Wells Fargo Bank N.A. v Grover, 165 AD3d at 1544) and the six-year statute of limitations began running anew from the due date for each unpaid installment (see Wells Fargo Bank, N.A. v Welch, 223 AD3d at 994; MTGLQ Invs., LLP v Lunder, 183 AD3d 967, 968 [3d Dept 2020]). Therefore, the instant foreclosure action was timely commenced in July 2023 (see General Obligations Law § 17-105; Federal Natl. Mtge. Assn. v Jeanty, 39 NY3d at 953; Wells Fargo Bank N.A. v Grover, 165 AD3d at 1544).
Finally, on appeal defendant asserts that this Court should not consider the monthly installment payments and invoices because these documents are inadmissible as business records. However, this argument was not raised before Supreme Court and is therefore unpreserved for our review (see Myristica, LLC v Camp Myristica, Ltd., 201 AD3d 1078, 1081 [3d Dept 2022]; HSBC Bank USA, N.A. v Sage, 196 AD3d 1016, 1017 [3d Dept 2021]). Even if we were to consider the merits of this argument, it is unavailing (see Federal Natl. Mtge. Assn. v Krell, 231 AD3d 1334, 1336 [3d Dept 2024]; Velocity Invs., LLC v Lymon, 218 AD3d 1091, 1093-1094 [3d Dept 2023]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion denied, the complaint is reinstated and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.